IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN POQUEZ, | ) Case No. 11-328 SC |
| | ) |
| Plaintiff, | ) ORDER RE: DEFENDANTS' |
| | ) <u>MOTION TO DISMISS</u> |
| v. | ) |
| | ) |
| SUNCOR HOLDINGS - COPII, LLC; GSM PARTNERS, LLC; and TOWER ENERGY GROUP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Evelyn Poquez ("Plaintiff") commenced this action against Defendants Suncor Holdings - COPII, LLC ("Suncor"), GSM Partners, LLC ("GSM"), and Tower Energy Group ("Tower") bringing a claim of violation of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-06 ("PMPA"), as well as state law claims for specific performance and declaratory relief. ECF No. 1 ("Compl."). Now Suncor and GSM (collectively, "Defendants") have filed a motion to dismiss Plaintiff's action for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. ECF No. 8 ("Mot."). This Motion is fully briefed. ECF Nos. 16 ("Opp'n"), 17 ("Reply"). For the following reasons, the Court DEFERS ruling on Defendants' Motion and gives Plaintiff leave to file a surreply.

Plaintiff alleges the following facts in her Complaint. Since

1985, she has owned and operated a Union 76-branded motor fuel service station in San Francisco. Compl. ¶¶ 1, 13. Suncor owns the real property on which Plaintiff's station stands. Id. ¶ 2. GSM is Suncor's parent entity. Id. ¶ 3.

Until 2005, Plaintiff operated this service station under a franchise agreement with Plaintiff's former franchisor, ConocoPhillips. Id. ¶ 14. Around this time, ConocoPhillips sold Plaintiff's service station to GSM, Suncor, and Tower, a fuel supplier or "jobber," as part of a bulk sale transaction. Id. ¶¶ 4-5. Plaintiff alleges that around June 2005, Plaintiff entered into a written agreement with GSM, which gave Plaintiff the exclusive option to purchase the service station's premises. Id. ¶ 15.

Plaintiff alleges that around November 24, 2010, Defendants sent Plaintiff a Notice of Nonrenewal of Plaintiff's franchise agreement. Id. ¶ 17. Plaintiff alleges that this Notice of Nonrenewal violates the PMPA because Plaintiff never received written notice of the duration of the underlying lease before the beginning of the term of her franchise agreement. Id. ¶¶ 17-18.

The PMPA prohibits gasoline refiners and distributors from terminating a franchise -- or failing to renew a franchise -- unless certain conditions are satisfied and at least one of several enumerated grounds for termination and/or nonrenewal exists. 15 U.S.C. § 2802. In her Opposition, Plaintiff claims that "defendants attempted to illegally terminate her lease in violation of the PMPA, but quickly rescinded the notice after the filing of this Complaint, realizing the termination was in violation of the PMPA." Opp'n at 6. Plaintiff states that Defendants renewed

1 Plaintiff's lease for three years in response to this action.  Id.
2 at 7.
3     The crux of Defendants' Motion is that no franchise
4 relationship exists between Plaintiff and Defendants, and thus the
5 PMPA is inapplicable.  See Mot.  Plaintiff argues otherwise.  Both
6 parties cite to out-of-circuit case law, as there is no in-circuit
7 precedent on this issue.
8     Defendants also argue -- for the first time in their Reply --
9 that Plaintiff's concession that she entered into a new three-year
10 franchisor/franchisee agreement moots this action.  Reply at 5.
11 Defendants cite a recent U.S. Supreme court case, Mac's Shell
12 Service, Inc. v. Shell Oil Products, Co. LLC, 130 S. Ct. 1251, 1263
13 (2010), for the proposition that "a franchisee who is offered and
14 signs a renewed franchise agreement cannot maintain a claim for
15 unlawful nonrenewal under the PMPA."  Reply at 5.
16     The Court finds merit in Defendants' argument.  However,
17 because it was raised for the first time in Defendants' Reply, the
18 Court grants Plaintiff leave to file a surreply in response.
19 Should she choose to file a surreply, it must be filed within seven
20 days of the date of this Order, be no longer than ten pages in
21 length, and otherwise comport with this district's Civil Local
22 Rules.  Accordingly, the Court DEFERS ruling on this Motion.

    IT IS SO ORDERED.

    Dated: May 26, 2011                    _____
                                           UNITED STATES DISTRICT JUDGE