IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN POQUEZ, | ) Case No. 11-328 SC |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| v. | ) MOTION TO DISMISS |
| SUNCOR HOLDINGS - COPII, LLC; GSM PARTNERS, LLC; and TOWER ENERGY GROUP, | ) |
| Defendants. | ) |

Plaintiff Evelyn Poquez ("Plaintiff") commenced this action against Defendants Suncor Holdings - COPII, LLC ("Suncor"), GSM Partners, LLC ("GSM"), and Tower Energy Group ("Tower"), bringing a claim of violation of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801-06 ("PMPA"), as well as state law claims for specific performance and declaratory relief. ECF No. 1 ("Compl."). Suncor and GSM (collectively, "Defendants") filed a Motion to Dismiss, which is fully briefed. ECF Nos. 8 ("Mot."), 16 ("Opp'n"), 17 ("Reply"), 24 ("Surreply").

In her Complaint, Plaintiff alleges that she has owned and operated a Union 76-branded motor fuel service station in San Francisco, California since 1985. Compl. ¶¶ 1, 13. Plaintiff alleges that around November 24, 2010, Defendants sent Plaintiff a Notice of Nonrenewal of Plaintiff's franchise agreement; Plaintiff

contends that this action violates the PMPA because Plaintiff never received written notice of the duration of the underlying lease before the beginning of the term of her franchise agreement.  Id. ¶¶ 17-18.

In seeking dismissal of the action, Defendants contend inter alia that this action is moot given Plaintiff's subsequent assent to a new three-year franchisor/franchisee agreement.  Reply at 3. The Court invited Plaintiff to file a surreply to address this argument.  ECF No. 22.

In her Surreply, Plaintiff admits that Defendants withdrew the Notice of Nonrenewal on February 7, 2011 and that Plaintiff subsequently signed a new lease agreement.  Surreply at 3-4.  The Court finds that these actions moot the claims pleaded in Plaintiff's Complaint.

Plaintiff argues that other subsequent actions by Defendants support a PMPA claim.  Specifically, Plaintiff alleges that Defendants violated the PMPA in February 2011 by giving Plaintiff only four days to match a third party's offer to purchase the property.  Surreply at 4.  Plaintiff alleges that Defendants conveyed title to the property to Forest City West, LLC in April 2011 in violation of her "PMPA rights."  Id. at 5.  These actions allegedly occurred after Plaintiff filed her Complaint, and as such, they are not pleaded in the Complaint.

///
///
//
///
///

Case 3:11-cv-00328-SC   Document 25   Filed 06/15/11   Page 3 of 3

In light of the above, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE. Plaintiff is granted leave to amend her Complaint to remove now-moot claims and add claims premised on the above allegations. Plaintiff must file her amended complaint within thirty (30) days of this Order or the Court will dismiss the action in its entirety. Should Plaintiff amend her Complaint to include baseless and/or frivolous claims, she will face appropriate sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority.

IT IS SO ORDERED.

Dated: June 15, 2011



UNITED STATES DISTRICT JUDGE