IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN POQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNCOR HOLDINGS - COPII, LLC, GSM PARTNERS, LLC, TOWER ENERGY GROUP, AND DOES 1 THROUGH 20,<br><br>    Defendants. | Case No. 11-00328 SC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR SANCTIONS |

## I. INTRODUCTION

This matter comes before the Court on a Motion for Sanctions filed by Defendants Suncor Holdings - COPII, LLC, GSM Partners, LLC, and Tower Energy Group (collectively "Defendants") against Plaintiff Evelyn Poquez ("Plaintiff") and/or her counsel of record, Ronald D. Foreman, Esq., of Foreman & Brasso, in an amount of no less than $14,557.50. ECF No. 33 ("Mot.") at 1-2. Plaintiff submitted an Opposition, Defendants filed a Reply. ECF Nos. 34 ("Opp'n"), 35 ("Reply"). For the following reasons, Defendants' Motion is DENIED.

## II. BACKGROUND

Plaintiff operates a Union 76 branded motor fuel station in San Francisco, California. ECF No. 26 ("SAC") ¶ 1. Defendants

became the leasor and franchisor of the fuel station through a 2005 bulk sale. Id. ¶¶ 1, 5, 14. A June 30, 2005 agreement gave Plaintiff the exclusive option to purchase the premises. Id. ¶ 16. On February 9, 2011, Defendants informed Plaintiff that she had four days to match a third party offer from "Strada" to purchase the property. Id. ¶ 24. Two days later, Plaintiff requested an appraisal of the property, but Defendants allegedly refused to respond. Id. ¶ 26. The Strada deal apparently fell through and, in April 2011, Forest City West, LLC ("Forest City"), a national real estate developer, acquired the property. Id. ¶ 27. Plaintiff was never given the opportunity to purchase the property on the same terms and conditions as Forest City. Id. Plaintiff contends that Forest City intends to develop the subject property and will terminate the franchise and evict her when the underlying lease expires in February 2012. Id.

Plaintiff commenced this action on January 21, 2011. ECF No. 1 ("Compl."). The Court dismissed Plaintiff's Complaint without prejudice and warned "[s]hould Plaintiff amend her Complaint to include baseless and/or frivolous claims, she will face appropriate sanctions under Federal Rule of Civil Procedure 11." ECF No. 25 at 3. Plaintiff filed a Second Amended Complaint on July 15, 2011, alleging violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq. ("PMPA") and state law claims for specific performance and declaratory relief. SAC ¶¶ 29-48. The Defendants filed a Motion to Dismiss, which the Court granted on September 15, 2011. ECF Nos. 29 ("MTD"), 37 ("Order"). Defendants now move for Rule 11 sanctions, arguing that Plaintiff's Second Amended Complaint lacked a sufficient legal and factual basis. Mot. at 8.

2

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, the Court may impose sanctions against a party or attorney when a pleading is filed for an improper purpose, when the legal contentions are not warranted by existing law or a nonfrivolous argument for the extension of existing law, or when the factual contentions lack evidentiary support. Fed. R. Civ. P. 11(b)-(c). "The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been filed for an improper purpose." Westlake North Property Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990). "The key question in assessing frivolousness is whether a complaint states an arguable claim -- not whether the pleader is correct in his perception of the law." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987).

### IV. DISCUSSION

Defendants contend that Plaintiff's claim for violation of the PMPA was legally and factually baseless. Mot. at 8. Plaintiff alleged that Defendants violated Plaintiff's PMPA rights by (1) failing to give her 45 days to match Strada's offer to purchase the property; (2) selling the property to Forest City without first allowing Plaintiff to exercise her right of first refusal; (3) issuing a three-year franchise agreement which expired prior to the underlying lease; and (4) selling the property to a third party who intended to evict Plaintiff from the property. SAC ¶ 30. The PMPA provides that a franchisor may "terminate" or "fail to renew" a franchise relationship only where the franchisor provides written

notice and takes the action for a reason specifically recognized by the statute. 15 U.S.C. §§ 2802, 2804.

Relying in part on the Supreme Court's decision in <u>Mac's Shell Service, Inc. v. Shell Oil Products Co. LLC</u>, 130 S. Ct. 1251 (2010), the Court determined that Plaintiff's PMPA claims were premature because there had not been a termination or non-renewal of Plaintiff's franchise. Order at 7, 12. In <u>Mac's Shell</u>, the Supreme Court held that Shell franchisees could not state a claim for constructive termination of their franchises under the PMPA where the franchisor had discontinued long-standing rent subsidies and changed other terms of their franchise agreements. 130 S. Ct. at 1255-57. Plaintiff argued that <u>Mac's Shell</u> was distinguishable because, in that case, the franchisor did not force an end to or intend to terminate the franchise. ECF No. 30 at 7-8. This argument, although unsuccessful, was not legally baseless or frivolous.

Defendants further argue that Plaintiff's PMPA claim was also barred by other factually on point cases, such as <u>Fresher v. Shell Oil Co.</u>, 846 F.2d 45 (9th Cir. 1988). Reply at 2. In <u>Fresher</u>, retail dealers of motor fuels brought claims for violation of the PMPA against their franchisor after the franchisor had assigned their lease and supply agreements to a third party. 846 F.2d at 46. In an eight paragraph opinion, the Ninth Circuit held that the dealers' suit was premature because the dealers had not alleged a "breach of any agreements which constitute components of their franchises." <u>Id.</u> at 46-47. While the Court agrees that <u>Fresher</u> bars Plaintiff's PMPA claims, that case is not so factually and legally on point that it renders Plaintiff's claims frivolous.

4

The circumstances of this case are not so unusual as to warrant an award of attorney fees to Defendants. Plaintiff's Second Amended Complaint sets forth an "arguable claim," even if it was ultimately unsuccessful. See Hudson, 836 F.2d at 1159. Further, there is no indication that Plaintiff's claims were brought for an improper purpose. An award of attorneys fees would merely serve to chill zealous advocacy. The Court finds that sanctions are not appropriate in this case.

**V.   CONCLUSION**

For the foregoing reasons, Defendants Suncor Holdings - COPII, LLC, GSM Partners, LLC, and Tower Energy Group's Motion for Sanctions is DENIED.

IT IS SO ORDERED.

Dated: September 20, 2011

UNITED STATES DISTRICT JUDGE